# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JAMES STEVEN BRAUDE, M.D. ) | CIVIL ACTION FILE NUMBER: |
| ) | |
| Plaintiff, ) | |
| ) | (Removed from the State Court |
| ) | of DeKalb County, Georgia |
| v. ) | Civil Action File No. 16A61877) |
| ) | |
| EMORY/SAINT JOSEPH'S, INC., ) | **JURY TRIAL DEMANDED** |
| EMORY HEALTHCARE, INC., ) | |
| INTUITIVE SURGICAL, INC. ) | |
| INTUITIVE SURGICAL OPERATIONS, ) | |
| INC., DOUGLAS A. MURPHY, M.D., ) | |
| and JOHN DOES 1-10,   ) ) | |
| ) | |
| Defendants. ) | |
| _____ ) | |

## NOTICE OF REMOVAL

Pursuant to 28 U.S.C. §§ 1332, 1441 and 1446, Defendants Intuitive Surgical, Inc. and Intuitive Surgical Operations, Inc. (collectively, the "Intuitive Defendants") hereby remove this action from the State Court of DeKalb County, where it is currently pending, to the United States District Court for the Northern District of Georgia. The Court has jurisdiction over this action, and it is properly removable to this Court because the parties are completely diverse and the amount in controversy exceeds $75,000.

In support of this removal, the Intuitive Defendants state as follows:

1. Plaintiff commenced this action on or about October 13 2016, by filing a Complaint against all named Defendants in the State Court of DeKalb County, bearing case number 16A61877.

2. Neither the Intuitive Defendants nor any other named Defendants have been served with the Complaint in this action at the time of this Removal. (*See* Docket, attached hereto as Exhibit "A")[1].

3. Plaintiff alleges that he suffered various injuries as a result of "one or more instruments used to perform mitral valve repair surgery." (Compl. ¶¶ 21-25).

4. As set forth more fully below, this case is properly removed to this Court pursuant to 28 U.S.C. § 1441 because the Court has subject-matter jurisdiction over this action pursuant to 28 U.S.C. § 1332, and the Intuitive Defendants have satisfied the procedural requirements for removal.

## GROUNDS FOR REMOVAL

5. This action may be removed under 28 U.S.C. § 1441(a) because the Court has original jurisdiction under 28 U.S.C. § 1332(a)(1). There is complete diversity of citizenship between Plaintiff and the Intuitive Defendants, and the

---

[1] The Intuitive Defendants have obtained a copy of the Complaint from the State Court of DeKalb County, and it is attached hereto as part of Exhibit "A."

amount in controversy exceeds $75,000, exclusive of interest and costs. In addition, no Defendants have been served, and therefore, no served Defendant is a citizen of the State of Georgia.

### A.     Complete Diversity Of Citizenship Exists

6.     Plaintiff is a citizen of the State of Georgia. (Compl. ¶ 1).

7.     Defendant, Intuitive Surgical Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Sunnyvale, California, and, therefore, is a citizen of the States of California and Delaware for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

8.     Intuitive Surgical Operations, Inc. is, and was at the time Plaintiff commenced this action, a corporation organized under the laws of the State of Delaware with its principal place of business in Sunnyvale, California, and, therefore, is a citizen of the States of California and Delaware for purposes of determining diversity. 28 U.S.C. § 1332(c)(1).

9.     Thus, there is complete diversity among Plaintiff and the Intuitive Defendants, and none of the named Defendants (the Intuitive Defendants, Emory/Saint Joseph's, Inc., Emory Healthcare, Inc., and Douglas A. Murphy, M.D.) have been served at the time of this Removal. (*See* Exhibit "A" hereto).

*See Gibson v. Wal-Mart Stores East, LP*, No. 5:09-CV-228 (HL), 2010 U.S. Dist. LEXIS 7013 (M.D. Ga. Jan. 28, 2010) (the presence of unserved resident defendants does not defeat removal where complete diversity exists between the plaintiff and the removing defendant); *see also McClain v. Bank of America Corporation,* No. CV-411-305, 2013 U.S. Dist. LEXIS 50034 (S.D. Ga. Apr. 5, 2013) (plain language of the removal statute requires the courts to only consider the citizenship of the parties that have been properly served); *Hunt v. Nationstar Mortgage LLC, et al.,* No. 1:14-CV-3649-RWS, 2016 U.S. Dist. LEXIS 51975 (N.D. Ga. Apr. 19, 2016) (nothing in the removal statute requires that a defendant be served with complaint before filing a notice of removal).

    **B.    The Amount-In-Controversy Requirement Is Satisfied.**

10.    The amount-in-controversy requirement for diversity jurisdiction is satisfied in this case because it is clear from the face of Plaintiff's Complaint that the "matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs." 28 U.S.C. § 1332(a).

11.    Plaintiff claims that he has "suffered and will continue to suffer" physical, neurological and mental effects, including emotional distress, that he has incurred past medical expenses, and will incur future medical expenses related to his alleged injuries, and that he, a physician, anticipates losing future

4

wages.  (Compl. ¶¶ 25, 51, 62, 71, 80, 86, 89, 94, 97).  Plaintiff seeks compensatory and punitive damages.  (Compl. ¶¶ 98-99, and Wherefore clause).

12.     It is widely recognized that such personal-injury claims facially meet the $75,000 jurisdictional threshold.  *See, e.g.*, *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (finding that a complaint alleging various injuries from taking a prescription drug "obviously asserts a claim exceeding $75,000"); *see also Copley v. Wyeth, Inc.*, No. 09-722, 2009 WL 1089663 (E.D. Pa. Apr. 22, 2009) (denying motion to remand); *Smith v. Wyeth Inc.*, 488 F. Supp. 2d 625, 630 (W.D. Ky. 2007) ("the Court finds that the Plaintiff's allegations of permanent nerve damage, pain and suffering, punitive damages, and past and future medical expenses likely amount to claims in excess of $75,000").

13.     In the instant case, given Plaintiff's claim that he has suffered and will continue to suffer severe and permanent medical and emotional injuries, it is evident that the amount of recovery sought by Plaintiff exceeds $75,000.

**C.     The Other Prerequisites For Removal Have Been Satisfied.**

14.     In addition to satisfying the requirements of diversity jurisdiction, the Intuitive Defendants have satisfied all other requirements for removal.

15. As of the date of this Removal, no Defendants named in this action have been served with the Complaint. Accordingly, this Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b). *See Hunt v. Nationstar Mortgage LLC, et al.,* No. 1:14-CV-3649-RWS, 2016 U.S. Dist. LEXIS 51975 (N.D. Ga. Apr. 19, 2016) (nothing in the removal statute requires that a defendant be served with complaint before filing a notice of removal); *see also Whitehurst v. Wal-Mart,* 306 F. App'x 446, 448 (11th Cir. 2008) (same); *Borden v. Allen*, 646 F.3d 785, 808 (11th Cir. 2011), *cert. denied*, 132 S. Ct. 1910 (U.S. Apr. 16, 2012) (quoting 11th Cir. R. 36-2); *accord Delgado v. Shell Oil Co.*, 231 F.3d 165, 177 (5th Cir. 2000) ("Generally, service of process is not an absolute prerequisite to removal.").

16. Pursuant to 28 U.S.C. § 1446 and governing authority, all defendants must consent to or join the petition for removal, unless they fall under one of the excepted categories. *Buckley v. Bayrock Mortg. Corp.,* No. 1:09-CV-1387-TWT-RGV, 2010 U.S. Dist. LEXIS 10636 (N.D. Ga. Jan. 12, 2010); *Premier Holidays Int'l, Inc. v. Actrade Capital, Inc.,* 105 F. Supp. 2d 1336, 1338 (N.D. Ga. 2000) (citations omitted). These exceptions include, among others, "when the non-joining defendant has not been properly served at the time the removal petition is filed." *Id. See also Bailey v. Janssen Pharmaceutica, Inc.*, 536 F.3d 1202, 1207-

09 (11th Cir. 2008); *Egle Nursing Home, Inc. v. Erie Ins. Group*, 981 F. Supp. 932, 933 (D. Md. 1997). As of the date of this Removal, no Defendants named in this action have been served with the Complaint. Accordingly, no other Defendants named in this action need to consent or join this petition for removal.

17. The State Court of DeKalb County is located within the Northern District of Georgia. *See* 28 U.S.C. § 1441(a).

18. At time of this Removal, no Defendants have been served, and therefore, no served Defendant is a citizen of the State of Georgia, where this action was brought. *See* 28 U.S.C. § 1441(b); *see also Hunt*, 2016 U.S. Dist. LEXIS 51975, at *9 (nothing in the removal statute requires that a defendant be served with complaint before filing a notice of removal).

19. No previous application has been made for the relief requested herein.

20. Pursuant to 28 U.S.C. § 1446(a), all process, pleadings or orders served upon the Intuitive Defendants must be attached hereto. To date, no process, pleadings, or orders have been served upon the Intuitive Defendants. For the convenience of the Court, the Intuitive Defendants have attached hereto, as part of Exhibit "A," a copy of the Complaint it has obtained from the State Court of DeKalb County. Pursuant to 28 U.S.C. § 1446(d), a copy of this Notice of

Removal is being served upon counsel for Plaintiff and a copy is being filed with the Clerk of the State Court of DeKalb County.

WHEREFORE, the Intuitive Defendants respectfully remove this action from the State Court of DeKalb County, bearing Number 16A61877, to this Court.

Respectfully submitted this 14th day of October, 2016.

                                      */s/ Z. Ileana Martinez*
                                      Z. Ileana Martinez
                                      Georgia Bar No. 474660
                                      Leslie J. Suson
                                      Georgia Bar No. 142162

                                      ***Counsel for Defendants***
                                      ***Intuitive Surgical, Inc. and***
                                      ***Intuitive Surgical Operations, Inc.***

THOMPSON HINE, LLP
Two Alliance Center, Suite 1600
3560 Lenox Road
Atlanta, Georgia 30326
Tel: (404) 541-2900; Fax: (404) 541-2905
Ileana.Martinez@ThompsonHine.com
Leslie.Suson@ThompsonHine.com

8

# CERTIFICATE OF COMPLIANCE

The undersigned counsel hereby certifies that this document was prepared using one of the font and point selections approved by this Court in Local Rules 5.1(C) and 7.1(D). Specifically, Times New Roman was used in 14 point.

/s/ Z. Ileana Martinez
Z. Ileana Martinez
Georgia Bar No. 474660
Leslie J. Suson
Georgia Bar No. 142162

*Counsel for Defendants*
*Intuitive Surgical, Inc. and*
*Intuitive Surgical Operations, Inc.*

**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile: 404-541-2905
Ileana.Martinez@ThompsonHine.com
Leslie.Suson@ThompsonHine.com

## CERTIFICATE OF SERVICE

This is to certify that I have this day caused a copy of the foregoing **NOTICE OF REMOVAL** to be electronically filed with the Clerk of Court using the CM/ECF system, and also to be served via U.S. Mail, with adequate postage to ensure delivery, addressed as follows:

William Q. Bird
Kristen L. Beightol
Paul I. Hotchkiss
Alexandria S. Cash
BIRD LAW GROUP, P.C.
2170 Defoor Hills Road
Atlanta, Georgia 30318

John W. Crongeyer
Crongeyer Law Firm, P.C.
2170 DeFoor Hills Road
Atlanta, Georgia 30318

This 14th day of October, 2016.

/s/ Z. Ileana Martinez
Z. Ileana Martinez
Georgia Bar No. 474660
Leslie J. Suson
Georgia Bar No. 142162

*Counsel for Defendants*
*Intuitive Surgical, Inc. and*
*Intuitive Surgical Operations, Inc.*

**THOMPSON HINE LLP**
Two Alliance Center
3560 Lenox Road, Suite 1600
Atlanta, Georgia 30326
Telephone: 404-541-2900
Facsimile: 404-541-2905
Ileana.martinez@ThompsonHine.com
Leslie.Suson@ThompsonHine.com