IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JAMES STEVEN BRAUDE, M.D.,

     Plaintiff,

v.

EMORY/SAINT JOSEPH'S, INC.,
EMORY HEALTHCARE, INC.,
INTUITIVE SURGICAL, INC.,
INTUITIVE SURGICAL
OPERATIONS, INC., DOUGLAS A.
MURPHY, M.D., and JOHN DOES
1-10,

     Defendants.

CIVIL ACTION FILE

NO. 1:16-CV-3839-MHC

## ORDER

This case comes before the Court on Plaintiff James Steven Braude, M.D.

("Braude")'s Motion to Remand to State Court [Doc. 4].

## I.    BACKGROUND

On October 13, 2016, Braude, a citizen and resident of the State of Georgia,

filed this action in the State Court of DeKalb County, Georgia, against the above-

captioned Defendants, three of whom are also citizens of the State of Georgia:

(1) Emory/Saint Joseph's, Inc., a Georgia corporation whose principal office

address is 1440 Clifton Road, NE, Atlanta, Georgia 30322; (2) Emory Healthcare,

Inc., a Georgia corporation whose principal office address is 1440 Clifton Road,

NE, Atlanta, Georgia 30322; and (3) Douglas A. Murphy, M.D., an individual who

resides at 3734 Vermont Place, NE, Atlanta, Georgia 30319.  Compl. [Doc. 1-1]

¶¶ 1-5, 10, 12.  Defendants Intuitive Surgical, Inc., and Intuitive Surgical

Operations, Inc. (the "Intuitive Defendants") are the only named Defendants that

are not citizens of Georgia.  Id. ¶¶ 6-9.

The next day, October 14, 2016, before any Defendant had been served, the

Intuitive Defendants filed a Notice of Removal, which removed this action to the

United States District Court for the Northern District of Georgia, ostensibly based

on "complete diversity of citizenship between Plaintiff and the Intuitive

Defendants" and the fact that no Defendant had been served.  Notice of Removal

[Doc. 1] ¶¶ 5-9.

## II.    LEGAL STANDARD

"Federal courts exercise limited subject matter jurisdiction, empowered to

hear only those cases within the judicial power of the United States as defined by

Article III of the Constitution or otherwise authorized by Congress."  Taylor v.

Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994).  District courts have original

jurisdiction over a case if: (1) the case involves diversity of citizenship (and the

2

defendant is not a citizen of the state in which the action is brought); or (2) a claim

arises under the Constitution, or treaties, or laws of the United States (without

regard to the citizenship or residence of the parties).  28 U.S.C. §§ 1331 and 1332.

A party who removes a state court case to federal district court pursuant to 28

U.S.C. § 1441 bears the burden of establishing federal jurisdiction.  Conn. State

Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337, 1343 (11th Cir. 2009).

In accordance with 28 U.S.C. § 1447, "[i]f at any time before final judgment it

appears that this Court lacks subject matter jurisdiction, the case shall be

remanded."  See 28 U.S.C. § 1447(c).  "[U]ncertainties are resolved in favor of

remand."  Burns v. Windsor Ins. Co., 31 F.3d 1092, 1095 (11th Cir. 1994).

## III.  DISCUSSION

"A civil action otherwise removable solely on the basis of the jurisdiction

under section 1332(a) of this title may not be removed if any of the parties in

interest properly joined and served as defendants is a citizen of the State in which

such action is brought."  28 U.S.C. § 1441(b)(2).  "A civil case commenced in state

court may, as a general matter, be removed by the defendant to federal district

court, if the case could have been brought there originally.  If it appears that the

federal court lacks jurisdiction, however, the case shall be remanded."  Martin v.

Franklin Capital Corp., 546 U.S. 132, 134 (2005) (citations and internal punctuation omitted).

The Intuitive Defendants interpret the language of § 1441(b)(2) to require diversity only of defendants who have been served.  In support of this interpretation, the Intuitive Defendants rely primarily on McClain v. Bank of Am. Corp., No. CV-411-305, 2013 WL 1399309, at *3 (S.D. Ga. Apr. 5, 2013), in which the court stated that "the plain language of [28 U.S.C. § 1441(b)(2)] requires the courts to only consider the citizenship of the parties that have been properly served."

However, the Intuitive Defendants and the court in McClain neglect the statutory language "otherwise removable."  Thus, an action must be "otherwise removable solely on the basis of [diversity] jurisdiction" for the "properly served and joined" language of § 1441(b)(2) to come into play.  Because Braude and three named Defendants are all citizens of Georgia, this action was never "otherwise removable solely on the basis of [diversity] jurisdiction."  The Intuitive Defendants have not cited, and the Court is not aware of, any other case interpreting the current version of § 1441(b) to allow removal in spite of non-diverse unserved

4

defendants.[1]  McClain is also distinguishable because the plaintiff properly served

the diverse defendant while, in this case, no defendant was served prior to removal.

See McClain, 2013 WL 1399309, at *3 n.2.

The vast majority of the case law supports Braude's position.  Where, as

here, "there is no diversity of citizenship . . . the non-resident defendant should not

be permitted to seize an opportunity to remove the cause before service upon the

resident co-defendant is effected."  Pullman, 305 U.S. at 541.  Thus, "the fact that

the resident defendant has not been served with process does not justify removal by

---

[1] The Intuitive Defendants also cite two cases interpreting an earlier version of the
statute.  See Duff v. Aetna Cas. and Surety Co., 287 F. Supp. 138, 138-39 (N.D.
Okla. 1968) (holding that the words "and served" establish that an unserved
resident defendant may be ignored in determining removability); see also
Robertson v. Nye, 275 F. Supp. 497 (W.D. Okla. 1967) (concluding that "there can
be removal where the resident defendant has not been served.").  However, these
cases were based on a version of the statute that did not include the language, "[a]
civil action otherwise removable solely on the basis of the jurisdiction under
section 1332(a) of this title. . . ."  Further, the reasoning in these cases has been
rejected by other courts.  See, e.g., Workman v. Nat'l Supaflu Sys., Inc., 676 F.
Supp. 690, 692 (D.S.C. 1987) ("Should the court accept [the defendant's] position,
i.e. that a non-served resident defendant may be ignored for jurisdictional purposes
in determining removability, it would impliedly reject the requirement that a case,
to be removable, needs to be one which could have been brought in the federal
courts in the first instance.") (citing Pullman v. Jenkins, 305 U.S. 534 (1939));
Armstrong v. Monex Int'l, Ltd., 413 F. Supp. 567, 570-71 (N.D. Ill. 1976) (citing
Pullman); Sands v. Geller, 321 F. Supp. 558, 562 (S.D.N.Y. 1971) (citing
Pullman).

the non-resident defendant." Id.; see also Gibson v. Wal-Mart Stores E., LP, No.

5:09-CV-228 (HL), 2010 WL 419393, at *3 (M.D. Ga. Jan. 28, 2010) ("[D]iversity

of citizenship subject matter jurisdiction is determined from looking at the

residences of all the defendants, regardless of whether those parties have been

served."); Bloodsworth v. Smith & Nephew, No. 2:05cv622-D, 2005 WL 3470337,

at *5 n.5 (M.D. Ala. Dec. 19, 2005) ("[T]he citizenship of all defendants, whether

served with process or not, must be considered when determining whether

complete diversity exists in a removed lawsuit."); Beritiech v. Metro. Life Ins. Co.,

881 F. Supp. 557, 560 (S.D. Ala. 1995) ("[A] court, in determining the propriety of

removal based on diversity of citizenship, must consider all named defendants,

regardless of service.").

Because Braude and three of the Defendants are all citizens of the same

state, complete diversity of citizenship does not exist. See Triggs v. John Crump

Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998) ("Diversity jurisdiction requires

complete diversity; every plaintiff must be diverse from every defendant.").

Therefore, this case must be remanded to the State Court of DeKalb County.

In his motion to remand, Braude seeks expenses and attorney's fees incurred

as a result of the Intuitive Defendants' improper removal.  However, because the

Intuitive Defendants' position arguably was supported in McClain, although

rejected in other cases, this Court finds that their position was not frivolous and declines to exercise its discretion to award attorney's fees.

## IV.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED** that Plaintiff James Steven Braude, M.D.'s Motion to Remand to State Court [Doc. 4] is **GRANTED**. This case is **REMANDED** to the State Court of DeKalb County.  Defendants' Motion to Dismiss [Doc. 13] is **DENIED AS MOOT**.

**IT IS SO ORDERED** this 5th day of December, 2016.

MARK H. COHEN
United States District Judge

7